**BILLY J. WILLIAMS, OSB # 901366**
United States Attorney
District of Oregon
**SEAN E. MARTIN, OSB # 054338**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
sean.martin@usdoj.gov
Telephone:  (503) 727-1010
          Attorneys for Defendants


# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON


|  |  |
|---|---|
| **KLAMATH SISKIYOU WILDLANDS CENTER**, *et al.*, | **Case No. 1:17-cv-00997-CL** |
| Plaintiff, | **DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT** |
| v. | |
| **BUREAU OF LAND MANAGEMENT**, and **INTERIOR BOARD OF LAND APPEALS**, | |
| Defendants. | |

Defendants, the United States Bureau of Land Management and Interior Board of Land Appeals, answer Plaintiffs' First Amended Complaint ("Complaint").  The numbered paragraphs of this Answer correspond to the numbered paragraphs of the Complaint.

## INTRODUCTION

1.    Defendants admit that Plaintiffs characterize their case, but deny any allegations of violations in the identified agency decisions.

2.     Defendants admit that Plaintiffs characterize the relief they are seeking, but deny that Plaintiffs are entitled to any such relief.

3.    Defendants deny the allegations.

4.    Defendants admit that Plaintiffs allege their conditional future intention to seek an award of fees and costs, but deny that Plaintiffs are entitled to any such award.

## JURISDICTION AND VENUE

5.    Defendants admit that Plaintiffs allege legal conclusions regarding subject-matter jurisdiction.

6.     Defendants admit that Plaintiffs allege legal conclusions regarding venue, and otherwise admit that the public lands in question are located in this district.

7.    Defendants admit that Plaintiffs allege legal conclusions regarding

Page 2-    **Defendants' Answer to First Amended Complaint**; *Klamath Siskiyou Wildlands Center, et al. v. BLM*, Case No. 1:17-cv-00997-CL

divisional venue, and otherwise admit that the Lower Grave project area is located within Josephine County, Oregon.

## PARTIES AND STANDING

8.    Defendants lack knowledge or information sufficient to form a belief concerning the details of Plaintiffs' organization, agenda, activities, and legal interests as alleged.

9.    Defendants lack knowledge or information sufficient to form a belief concerning the details of Plaintiffs' organization, agenda, activities, and legal interests as alleged.

10.    Defendants lack knowledge or information sufficient to form a belief concerning the details of Plaintiffs' organization, agenda, activities, and legal interests as alleged.

11.    Defendants admit the allegations.

12.    Defendants admit the allegations.

13.    Defendants lack sufficient knowledge or information to form a belief concerning the allegations.

14.    Defendants deny the allegations.

## FACTUAL BACKGROUND

## Northern Spotted Owl, Red Tree Voles, and the Northwest Forest Plan

15.    Defendants admit that the northern spotted owl's current range extends from southwestern British Columbia through the Cascade Mountains, coastal ranges, and intervening forested lands in Washington, Oregon, and California, as far south as northern California. Defendants otherwise deny the accuracy of Plaintiffs' characterizations.

16.    Defendants admit the U.S. Fish and Wildlife Service ("FWS") listed the northern spotted owl as a threatened species under the Endangered Species Act ("ESA") on June 26, 1990.   Defendants also admit that Plaintiffs purport to characterize the reasons for the listing, but deny any characterizations contrary to the plain language, meaning, and context of the June 1990 listing document and other relevant publications.

17.    Defendants lack sufficient knowledge or information to form a belief concerning the allegations regarding unidentified "demographic data."

18.    Defendants admit that FWS designated critical habitat for the northern spotted owl (the "owl") in 1992, which it then revised in 2008 and 2012.

19.    Defendants admit the allegations of the first three sentences, with the

Page 4-    **Defendants' Answer to First Amended Complaint**; *Klamath Siskiyou Wildlands Center, et al. v. BLM*, Case No. 1:17-cv-00997-CL

clarifications that the December 1992 draft plan was not finalized and that the 2008 plan was a final recovery plan.   Regarding the fourth sentence, Defendants admit that Plaintiffs purport to characterize part of the 2011 Revised Recovery Plan, but deny any characterizations contrary to the plain language, meaning, and context of the Recovery Plan.

20.    Defendants admit that the Forest Service and BLM have developed regional forest management standards and guidelines to address the owl and related species.   Defendants also admit that Plaintiffs purport to characterize the motivation(s) for such actions, but deny any allegations contrary to the plain language, meaning, and context of the forest management documents.   Defendants admit that Plaintiffs purport to characterize several federal court decisions, but deny any characterizations contrary to the plain language, meaning, and context of such decisions.

21.    Defendants admit that in 1994 the Departments of Agriculture and the Interior jointly adopted the Northwest Forest Plan ("NWFP"), and issued the NWFP Record of Decision.   Defendants also admit that BLM's Medford District amended its Resource Management Plan ("RMP") in 1995. Defendants admit that Plaintiffs purport to characterize these documents and their motivation and legal effect, but deny any characterizations contrary to the plain language, meaning, and context of these documents.

Page 5-    **Defendants' Answer to First Amended Complaint**; *Klamath Siskiyou Wildlands Center, et al. v. BLM*, Case No. 1:17-cv-00997-CL

22.    Defendants admit that that the NWFP includes a Survey and Manage

program, and that Plaintiffs purport to characterize this program, but deny

any characterizations contrary to the plain language, meaning, and context of

the program's documentation.   Defendants also admit that in 2001 BLM and

the Forest Service jointly adopted a Record of Decision modifying certain

requirements of the Survey and Management program.   Defendants further

admit that Plaintiffs purport to characterize two district court rulings, and

the legal effects of these rulings, but deny any characterizations contrary to

the plain language, meaning, and context of such rulings and other relevant

developments.

23.    Defendants deny that the red tree vole is uncommon with regard to the

Lower Grave project area and admit that the red tree vole is a species

protected by the Survey and Manage program.

24.    Defendants admit the allegations in the first five sentences, except they

deny the allegations in the second sentence: some members of the species

may live most of their lives in the forest canopy, but some terrestrial activity

does occur and individuals have been captured on the ground.   Regarding

the sixth sentence, Defendants admit that Plaintiffs purport to summarize

study results from Huff, Carey, and Ruggiero, but deny any characterizations

contrary to the plain language, meaning, and context of these studies and

other relevant studies.   Regarding the seventh sentence, Defendants admit that the red tree vole is important prey for the owl and other predators, with the clarification that the wood rat is more important prey for the owl in southwestern Oregon.

25.    Defendants admit that the red tree vole is designated a "Class C" species for purposes of Survey and Manage, and otherwise admit that Plaintiffs purport to characterize the Survey and Manage program's objectives and management requirements for such species, but deny any characterizations contrary to the plain language, meaning, and context of the applicable Survey and Manage program documentation.

26.    Defendants admit that Plaintiffs purport to characterize Survey and Manage program requirements, but deny any characterizations contrary to the plain language, meaning, and context of the applicable Survey and Manage program documentation.

27.    Defendants admit that Plaintiffs purport to characterize management recommendations and Survey and Manage program requirements, but deny any characterizations contrary to the plain language, meaning, and context of the applicable management and program documentation.

28.    Defendants admit that Plaintiffs purport to characterize Survey and Manage site and survey requirements, but deny any characterizations

contrary to the plain language, meaning, and context of the applicable Survey and Manage documentation.

29.    Defendants admit that Plaintiffs purport to characterize what is required in BLM's Red Tree Vole Management Recommendations, and the motivation for these provisions, but Defendants deny any characterizations contrary to the plain language, meaning, and context of the Management Recommendations.

30.    Regarding the first sentence, Defendants admit that Plaintiffs purport to characterize Survey and Manage program requirements, but deny any characterizations contrary to the plain language, meaning, and context of the applicable Survey and Manage program documentation.   Defendants admit the allegations in the second and third sentences.

**The Lower Grave Vegetation Management Project and Dry Forest Management**

31.    Regarding the first sentence, Defendants admit that the Lower Grave Vegetation Management Project was planned in conformance with the NWFP and the Survey and Manage standards and guidelines.   Regarding the second sentence, Defendants admit that the NWFP established various land allocations, as did the Medford RMP, and for Plaintiffs' further characterizations of the RMP, Defendants deny any characterizations

Page 8-    **Defendants' Answer to First Amended Complaint**; *Klamath Siskiyou Wildlands Center, et al. v. BLM*, Case No. 1:17-cv-00997-CL

contrary to the plain language, meaning, and context of the RMP.

Regarding the third sentence, Defendants admit that the Lower Grave

Vegetation Management project area includes public lands categorized by

Congress as "O&C" lands that are allocated as Riparian Reserve and Matrix

lands, with the Matrix lands including Connectivity Diversity Blocks and

General Forest Management Areas.

32.    Defendants admit that Plaintiffs purport to characterize certain

provisions in the Medford RMP Record of Decision, but deny any

characterizations contrary to the plain language, meaning, and context of the

RMP Record of Decision.

33.    Regarding the first sentence, Defendants admit that BLM manages the

Matrix lands in the Northern General Forest Management Area under

direction that is distinct from how it manages the Matrix lands in the

Southern General Forest Management Area.    Regarding the remaining

allegations, Defendants admit that Plaintiffs purport to characterize certain

provisions in the Medford RMP Record of Decision, but deny any

characterizations contrary to the plain language, meaning, and context of

that document.

34.    Defendants admit that Plaintiffs purport to characterize certain

provisions in the Medford RMP Record of Decision, but deny any

Page 9-    **Defendants' Answer to First Amended Complaint**; *Klamath
Siskiyou Wildlands Center, et al. v. BLM*, Case No. 1:17-cv-00997-
CL

characterizations contrary to the plain language, meaning, and context of that document.

35.   Defendants admit that Plaintiffs purport to characterize certain provisions in the Medford RMP Record of Decision, but deny any characterizations contrary to the plain language, meaning, and context of that document.

36.   Defendants deny the allegations in the first sentence, as BLM in 2010 did not commence a "WOPR" process.   Regarding the second sentence, Defendants admit that Plaintiffs purport to characterize and quote from an unidentified document, but deny any characterizations contrary to the plain language, meaning, and context of that document.

37.   Defendants admit that BLM proposed pilot projects in the Medford, Roseburg, and Coos Bay districts based on the "ecological forestry" principles developed by Drs. Jerry F. Franklin and K. Norman Johnson, but Defendants deny the allegations regarding the reasons for the proposed pilot projects. Defendants also admit that Plaintiffs purport to characterize the "management recommendations" of Franklin and Johnson, but deny any characterizations contrary to the plain language, meaning, and context of such recommendations.

38.   Defendants deny the allegations in the first sentence and admit the

Page 10-    **Defendants' Answer to First Amended Complaint**; *Klamath Siskiyou Wildlands Center, et al. v. BLM*, Case No. 1:17-cv-00997-CL

allegations in the second and third sentences.    Regarding the fourth sentence, Defendants admit that Plaintiffs purport to characterize a February 2012 report, but deny any characterizations contrary to the plain language, meaning, and context of that document.    Regarding the fifth sentence, Defendants admit that Plaintiffs purport to characterize a map associated with an unenacted congressional bill, but deny any characterizations contrary to the plain language, meaning, and context of those documents.

39.    Defendants admit the allegations in the first sentence, and deny the allegations in the second sentence.    Regarding the remaining allegations, Defendants admit that Plaintiffs purport to characterize their comments on the proposed project, BLM's alternatives analysis in its EA, and the Franklin and Johnson management proposals, but Defendants deny any characterizations contrary to the plain language, meaning, and context of those documents.

40.    Defendants deny the allegations in the first sentence, as BLM did not issue any "WOPR" document in 2015.    Regarding the second sentence, Defendants admit that Plaintiffs purport to characterize the alternatives within a particular Draft Environmental Impact Statement, but deny any characterizations contrary to the plain language, meaning, and context of

that document.

41.    Defendants deny the allegations, as BLM did not issue any final EIS or proposed RMPs in 2016 for "WOPR."

42.    Regarding the first sentence, Defendants admit that BLM signed a Record of Decision on August 5, 2016 adopting proposed RMPs, including the Southwestern Oregon RMP that applies to the Medford BLM District. Regarding the second sentence, Defendants admit that Plaintiffs purport to characterize the 2016 Southwestern Oregon Record of Decision/RMP, but deny any characterizations contrary to the plain language, meaning, and context of this document.

43.    Defendants admit that Plaintiffs purport to characterize the 2016 Southwestern Oregon Record of Decision/RMP, but deny any characterizations contrary to the plain language, meaning, and context of this document.

44.    Defendants admit that on February 7, 2013, BLM issued a letter inviting public participation in the development of the proposed Lower Grave Vegetation Management Project, and Defendants admit that BLM received more than 800 public comments.   Defendants admit that Plaintiffs also purport to characterize the substance of the comments, but deny any characterizations contrary to the plain language, meaning, and context of the

comments.

45.    Defendants admit that Plaintiffs submitted "scoping comments" on the Lower Grave project but deny the alleged date of their submission. Defendants admit that Plaintiffs purport to characterize their scoping comments, but Defendants deny any characterizations contrary to the plain language, meaning, and context of the comments.

46.    Defendants admit the allegations of the first sentence, and further admit that BLM requested the initiation of formal consultation with the FWS as to the Lower Grave project.   Defendants further admit that the remaining allegations purport to characterize the contents of the Biological Assessment, but Defendants deny any characterizations contrary to the plain language, meaning, and context of this document.

47.    Defendants admit that on June 21, 2013, FWS issued its first Biological Opinion on the Lower Grave project.   Defendants further admit that the remaining allegations purport to characterize the contents of the Biological Opinion, but Defendants deny any characterizations contrary to the plain language, meaning, and context of this document.

48.    Defendants admit that BLM submitted another Biological Assessment to FWS in October 2014, which was then amended and replaced with a revised Biological Assessment dated January 30, 2015.   Defendants also

admit that in May 2015, BLM provided supplementation documentation to FWS.   Defendants also admit that Plaintiffs purport to characterize the reasons for the alleged "multiple revisions and amendments of BAs," but deny any characterizations contrary to the plain language, meaning, and context of the alleged revisions and amendments.

49.    Defendants admit the allegations of the first sentence, except they deny the alleged date the EA was issued.   Defendants otherwise admit that Plaintiffs purport to characterize the EA's alternatives analysis, but deny any characterizations contrary to the plain language, meaning, and context of the EA.

50.    Defendants admit the allegations.

51.    Regarding the first sentence, Defendants admit that in April 2015, BLM survey work found that a known owl pair moved several miles to a new nest site within the Lower Grave project area, but otherwise deny the allegations.   Regarding the second sentence, Defendants admit that BLM notified FWS of this development, but deny the alleged date.   Defendants admit the allegations in the third sentence.

52.    Defendants admit that Plaintiffs purport to characterize the contents of the June 2015 Biological Opinion, but Defendants deny any characterizations contrary to the plain language, meaning, and context of this document.

53.    Regarding the first sentence, Defendants admit that BLM did not revise its EA in response to FWS's June 2015 Biological Opinion, and Defendants admit that Plaintiffs purport to characterize and quote from an unidentified BLM document, but deny any characterizations contrary to the plain language, meaning, and context of the unidentified document. Defendants deny the allegations in the second, third, and fourth sentences.

54.    Defendants admit that on July 29, 2015, BLM issued a Decision Record and Finding of No Significant Impact for the Lower Grave Vegetation Management Project, and otherwise admit that Plaintiffs purport to characterize these documents, but Defendants deny any characterizations contrary to the plain language, meaning, and context of these documents.

55.    Defendants admit that on August 13, 2015, Plaintiffs jointly submitted an administrative protest of the Lower Grave Decision Record; Defendants deny the allegation that Plaintiffs submitted a protest of the EA or Finding of No Significant Impact.

56.    Regarding the first sentence, Defendants admit that in April 2015, BLM survey work found that a known owl pair moved several miles to a new nest site within the Lower Grave project area, but otherwise deny the allegations.    Regarding the second sentence, Defendants admit that BLM altered its management units in response to the new information, and deny

Page 15-    **Defendants' Answer to First Amended Complaint**; *Klamath Siskiyou Wildlands Center, et al. v. BLM*, Case No. 1:17-cv-00997-CL

that BLM did not revise its NEPA analysis.   Regarding the third sentence,
Defendants admit that BLM submitted a Biological Assessment amendment
to FWS in May 2015, but deny the alleged date.

57.    Defendants admit the allegations.

58.    Defendants admit that on May 11, 2017, Plaintiffs jointly submitted an
administrative appeal of BLM's protest decision to the Interior Board of Land
Appeals ("IBLA"), but otherwise deny the allegations.

59.    Defendants admit that on July 3, 2017, IBLA affirmed BLM's denial of
Plaintiffs' administrative protest.   Defendants otherwise admit that
Plaintiffs purport to characterize IBLA's decision, but Defendants deny any
characterizations contrary to the plain language, meaning, and context of the
decision.

60.    Defendants admit that Plaintiffs purport to characterize the EA's
description of the Lower Grave project, but deny any characterizations
contrary to the plain language, meaning, and context of that document.

61.    Defendants admit that Plaintiffs purport to characterize the June 2015
Biological Opinion's description of the project, but deny any characterizations
contrary to the plain language, meaning, and context of that document.

62.    Defendants admit that Plaintiffs purport to characterize unidentified
suggestions from FWS, but deny any characterizations contrary to the plain

language, meaning, and context of such suggestions.

63.    Defendants admit that FWS in December 2012 designated owl critical habitat and that this included portions of was later established as the Lower Grave project area.   Defendants otherwise admit that Plaintiffs purport to characterize FWS's December 2012 designation, but deny any characterizations contrary to the plain language, meaning, and context of that designation.

64.    Regarding the first sentence, Defendants admit that the Lower Grave Vegetation Management Project as a whole will affect habitat as alleged. Regarding the second sentence, Defendants deny, but admit that particular aspects of the Lower Grave project are likely to affect habitat as alleged.

65.    Regarding the first sentence, Defendants admit that Plaintiffs purport to characterize and quote from a portion of the owl recovery plan, but deny any characterizations contrary to the plain language, meaning, and context of the recovery plan.   Regarding the second sentence, Defendants admit that the Lower Grave project is anticipated to "incidentally take" a single pair of owls and 1.5 associated juveniles.   Defendants deny the allegations in the third and fourth sentences.

66.    Defendants admit the allegations of the first and second sentences. Regarding the third sentence, Defendants admit the allegations, with the

Page 17-    **Defendants' Answer to First Amended Complaint**; *Klamath Siskiyou Wildlands Center, et al. v. BLM*, Case No. 1:17-cv-00997-CL

clarification that they assume Plaintiffs' use of the word "within" is a
typographical error and that the word "with" was intended instead.
Regarding the fourth sentence, Defendants deny the allegations, but admit
that BLM in May 2015 identified three sites within project treatment units
as non-high priority sites.   Regarding the fifth sentence, Defendants admit
that BLM designated three sites as non-high priority, but deny Plaintiffs'
further characterizations.

67.    Defendants admit the allegations of the first and second sentences, but
deny any implied allegation that BLM was required to conduct such further
field work, and with the clarifications that Defendants' survey work included
tree climbing and that Defendants construe "nest sites" and "site" to mean
"nests."   Defendants admit that the third sentence consists of Plaintiffs'
characterization of their comments on the project, but Defendants deny any
characterizations contrary to the plain language, meaning, and context of the
comments.

68.    Defendants admit the allegations of the first and second sentences,
except they deny the alleged date of the Decision Record.   Regarding the
allegations of the third and fourth sentences, Defendants admit that
Plaintiffs purport to characterize the reasons for the NEST surveys and
NEST's survey report, but deny any characterizations contrary to the survey

report and other relevant documentation.   Regarding the fifth, sixth, and seventh sentences, Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations.

69.    Defendants admit that Plaintiffs purport to characterize an October 1, 2015 communication from FWS to BLM, but deny any characterizations contrary to the plain language, meaning, and context of such communication.

70.    Defendants admit that the first three sentences purport to characterize several BLM review documents, but deny any characterizations contrary to the plain language, meaning, and context of such documents.   Defendants deny the allegations in the fourth sentence.

71.    Defendants admit the allegations of the first sentence.   Regarding the second sentence, Defendants admit that it consists of Plaintiffs' characterization of BLM's response to FWS, but deny any characterization contrary to the plain language, meaning, and context of the response. Regarding the third sentence, Defendants admit that BLM did not update its Non-High Priority Site determination in response to NEST's data, but Defendants deny that BLM "verified" NEST's data.   Defendants admit the allegations of the fourth through sixth sentences, except they deny that BLM "verified" NEST's data, and Defendants deny any implied allegation that BLM was required to take the various actions described in those sentences.

Page 19-    **Defendants' Answer to First Amended Complaint**; *Klamath Siskiyou Wildlands Center, et al. v. BLM*, Case No. 1:17-cv-00997-CL

Defendants deny the allegations in the seventh and eighth sentences.

## FIRST CLAIM FOR RELIEF - NEPA

72.    Defendants incorporate by reference their responses to all preceding paragraphs.

73.    Defendants admit that Plaintiffs purport to characterize legal requirements in NEPA and its regulations, but Defendants deny any characterizations contrary to the plain language, meaning, and context of these authorities.

74.    Defendants admit that Plaintiffs purport to characterize legal requirements in a NEPA regulation, but Defendants deny any characterizations contrary to the plain language, meaning, and context of this authority.

75.    Defendants admit that Plaintiffs purport to characterize NEPA requirements per several reported federal court decisions, but Defendants deny any characterizations contrary to the plain language, meaning, and context of these authorities.

76.    Defendants deny the allegations.

77.    Defendants deny the allegations.

## SECOND CLAIM FOR RELIEF - FLPMA

78.    Defendants incorporate by reference their responses to all preceding paragraphs.

79.    Defendants admit that Plaintiffs purport to characterize legal requirements under FLPMA and its regulations, and assert other legal conclusions regarding the NWFP and Survey and Manage and the 1995 Medford District RMP, but Defendants deny any characterizations contrary to the plain language, meaning, and context of these authorities.

80.    Defendants admit that Plaintiffs purport to characterize legal requirements, but Defendants deny any characterizations contrary to the plain language, meaning, and context of the relevant documents and legal authorities.

81.    Defendants deny the allegations.

82.    Defendants deny the allegations.

83.    Defendants deny the allegations.

The remainder of Plaintiffs' Complaint consists of a prayer for relief, to which no response is required.   To the extent a response is deemed required, Defendants deny that Plaintiffs are entitled to the relief they seek, or to any relief whatsoever.

## DEFENDANTS' GENERAL DENIAL

Defendants deny each and every allegation of Plaintiff's Complaint that they have not expressly admitted.

## AFFIRMATIVE AND OTHER DEFENSES

1.    Plaintiffs are barred from advancing claims or issues they could have raised in the earlier administrative proceedings, including the IBLA's formal adjudication of their concerns over the Lower Grave project.

2.    The July 2017 IBLA ruling is a cognizable final agency action for judicial review under the APA, but not BLM's earlier Decision Record and Finding of No Significant Impact or BLM's earlier administrative protest decision, as those decisions were superseded by the IBLA ruling and that IBLA ruling is the sole final agency action subject to judicial review in this action.

3.    Plaintiffs' Complaint fails to allege or identify any error with the July 2017 IBLA ruling that is under judicial review.

4.    Plaintiffs failed to raise their supplemental NEPA concerns with BLM or IBLA and therefore cannot raise them in federal court for the first time.

5.    Plaintiffs cannot seek summary judgment on any supposed NEPA or FLPMA violations that are not specified in their Complaint.

## DEFENDANTS' REQUEST FOR RELIEF

WHEREFORE, Defendants respectfully request that this Court:

A.    Dismiss Plaintiff's Complaint with prejudice;

B.    Enter judgment against Plaintiffs and for Defendants;

C.    Award Defendants their costs in this action including

Defendants' necessary costs for copying the administrative records; and

D.    Provide Defendants such other relief as this Court deems just

and equitable.

Dated this 7th day of December, 2017.

Respectfully submitted,

BILLY J. WILLIAMS
United States Attorney
District of Oregon

*/s/ Sean E. Martin*
SEAN E. MARTIN
Assistant United States Attorney

Page 23-    **Defendants' Answer to First Amended Complaint**; *Klamath Siskiyou Wildlands Center, et al. v. BLM*, Case No. 1:17-cv-00997-CL