Nicholas S. Cady (OSB # 114363)
Cascadia Wildlands
P.O. Box 10455
Eugene, Oregon 97440
Tel: 541-434-1463
Fax: 541-434-6494
Email: nick@cascwild.org

Marianne Dugan, Attorney (OSB # 932563)
259 E. 5th Ave. Ste 200D
Eugene, OR  97401
Tel:  (541) 338-7072
Fax:  (866) 650-5213
mdugan@mdugan.com

       Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

| | |
|---|---|
| KLAMATH SISKIYOU WILDLANDS CENTER, an Oregon non-profit corporation; OREGON WILD, an Oregon non-profit corporation; and CASCADIA WILDLANDS, an Oregon non-profit corporation, | Civil No. 1:17-cv-00997-CL |
| Plaintiffs, | PLAINTIFFS' RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITIES |
| v. | |
| BUREAU OF LAND MANAGEMENT, an administrative agency of the United States Department of Interior, | |
| Defendant, | |
| and | |
| MURPHY COMPANY, | |
| Defendant-Intervenor. | |

Plaintiffs hereby respond to defendant's Notice of Supplemental Authorities.

PAGE 1 - PLAINTIFFS' RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITIES

The decision in the Crystal Clear case (<u>Bark v. USFS</u>, D. Or. 3:18-cv-01645-MO, June 18, 2019, Opinion and Order) is distinguishable from the instant case because the several proposed alternatives in <u>Bark</u> were examined by the U.S. Forest Service (USFS) and rationally rejected as unviable, whereas the proposed alternative offered by plaintiffs in the present case was viable, yet was rejected by the BLM without any discussion or explanation.

Defendant's Notice of Supplemental Authorities characterizes the <u>Bark</u> case as standing for the proposition that "an agency did not violate NEPA when it considered only a proposed timber project and a no action alternative."  But here, Judge Clarke correctly and reasonably concluded that the Administrative Record establishes that a "viable but unexamined alternative" to the agency's logging alternative existed, and therefore the Environmental Assessment violated NEPA.  R&R (Dkt 57) at 13-14.

There is no blanket rule that a proposed timber project passes NEPA muster by examining only the proposed action and the required "no-action" alternative.  To the contrary, "[a]ny proposed federal action involving . . . the proper use of resources triggers NEPA's consideration of alternatives requirement, whether or not an EIS is also required." <u>Bob Marshall Alliance v. Hodel</u>, 852 F.2d 1223, 1229 (9th Cir. 1988), <u>cert denied</u>, 489 U.S. 1066 (1988) (9th Cir. 1988) (BLM had to consider alternatives even in the context of executing an oil and gas lease that prohibited surface disturbing impacts).

At page 22 of the <u>Bark</u> Opinion and Order, the court noted that the USFS argued it was not required to consider the plaintiff's alternatives because they "did not promote the project's stated goals."  In contrast, as Judge Clarke found in his Report and Recommendation, the BLM itself acknowledged that plaintiffs' proposed "Ecological Forestry approach satisfies the same or

PAGE 2 - PLAINTIFFS' RESPONSE TO NOTICE OF SUPPLEMENTAL
                AUTHORITIES

similar goals as the proposed Lower Grave project.  AR 2704."  Id. at 12.  Judge Clarke also noted that "[w]ithout explicitly stating that an Ecological Forestry alternative would be unfeasible, ineffective, or inconsistent with other policy objectives, the other responses given by the BLM, both to public comments and to the Court, imply that was rejected because it would not yield as much timber harvest as the preferred action."  Id. at 13.

The Bark opinion itself acknowledges that the existence of a viable but unexamined alternative necessarily renders an EA inadequate.  Slip op. at 21 (quoting Westlands Water Dist. v. U.S. Dep't of Interior, 376 F.3d 853, 868 (9th Cir. 2004)).  The Bark decision supports, rather than undermining, the binding, relevant NEPA precedent, that invalidates an EA when the agency has failed to examine viable alternatives.  The "alternatives" section is "the heart of the environmental impact statement."  40 C.F.R. § 1502.14.  "The consideration of alternatives requirement . . . guarantee[s] that agency decisionmakers have before them and take into proper account all possible approaches to a particular project (including total abandonment of the project) which would alter the environmental impact and the cost-benefit balance."  Bob Marshall Alliance, 852 F.2d at 1228 (internal brackets and quote omitted; emphasis in original). Without the consideration of the full range of viable alternatives to a proposed plan, an agency fails its obligation to examine the environmental consequences of the proposal, and the public is unable to participate in the decision-making process mandated by NEPA.

Respectfully submitted June 27, 2019.

  /s/  Nicholas S. Cady
Nicholas S. Cady (OSB # 114363)
Cascadia Wildlands
P.O. Box 10455
Eugene, Oregon 97440
Tel: 541-434-1463

PAGE 3 - PLAINTIFFS' RESPONSE TO NOTICE OF SUPPLEMENTAL
        AUTHORITIES

Fax: 541-434-6494
Email: nick@cascwild.org

  /s/  Marianne Dugan
Marianne Dugan, Attorney (OSB # 932563)
259 E. 5th Ave. Ste 200D
Eugene, OR  97401
Tel:  (541) 338-7072
Fax:  (866) 650-5213
mdugan@mdugan.com

Attorneys for Plaintiffs

PAGE 4 - PLAINTIFFS' RESPONSE TO NOTICE OF SUPPLEMENTAL
             AUTHORITIES